DANIEL W. JAYNES *vs.* GUSTAVUS GOEPPER & others.

Suffolk.    March 28, 1888. — June 21, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Partnership Settlement — Fraud — Equity Practice — Multifariousness —*
*Laches.*

A bill in equity for the opening of a partnership settlement alleged that, in 1881, the plaintiff was induced by the fraud of his partner to make a settlement by which the plaintiff got less than his share; that such partner died in June, 1885, the property disposed of by his will belonging to the partnership; that before his death such partner had purchased other property with firm moneys, and given it without consideration to various persons other than his executors and devisees; and that the plaintiff had no knowledge of the fraud until June, 1885. The bill was brought against the partner's executors, devisees, and donees, and was filed immediately after the limit within which the executors could not be sued had expired. *Held*, that the bill could be maintained, that it was not multifarious, and that the plaintiff had not been guilty of laches.

BILL IN EQUITY, filed September 28, 1887, by Daniel W. Jaynes, against the executors of the will of his former partner, James H. Eames, the devisees under his will and the husbands of some of them, and certain donees of Eames during his lifetime. The bill contained the following allegations:

That in 1868 a copartnership was formed at St. Louis, in the State of Missouri, between Jaynes and Eames, under the firm name of Jaynes and Company, to carry on the business of cooperage, and of manufacturing and selling barrels; that the capital of the firm at the outset did not exceed five hundred dollars, and that by the terms of the partnership the net profits of the

business were to be divided equally between them; that in 1873 the firm extended its business and established at Cambridge, Mass., a factory, of which Eames took personal charge, while the St. Louis business was put under the immediate supervision of Jaynes, the partnership agreement embracing both branches of the business; that, for the purpose of obtaining staves and other materials to be used in the Cambridge business, Eames afterwards purchased with firm moneys real estate and other property near Toledo, Ohio, and elsewhere; that from 1873 to 1881, and especially from 1876 to 1881, Jaynes was seldom at Cambridge, and when he was there Eames so arranged matters that Jaynes had little opportunity to learn the actual state of the business conducted there except from the statements of Eames; that in 1876 Eames represented to Jaynes that the Cambridge business, by reason of losses, had become a losing business; that Eames continued to make the same representations to Jaynes between 1876 and 1881, while in fact the business during that time was very profitable; and that such representations by Eames to Jaynes were false and fraudulent, and intended to mislead him as to the real condition of the Cambridge business, and resulted in so misleading him.

That during the same time Eames was frequently at St. Louis, and was familiar with the condition and value of the partnership business and property there; that on or about March, 1881, Eames came to St. Louis and proposed to Jaynes to dissolve the partnership and to divide the firm property; that Eames proposed that Jaynes should take as his share the St. Louis business, which was worth about $20,000 after paying all liabilities, and that Eames should take as his share the Cambridge business, including the purchases near Toledo and elsewhere; that, to induce Jaynes to consent to the proposed dissolution and division, Eames falsely and fraudulently, and with intent to deceive, represented to him that all the property and assets connected with the Cambridge business amounted to less than $20,000 above all liabilities; and that Eames falsely and fraudulently, and with intent to deceive, repeatedly assured Jaynes that the proposed division was an equal one, knowing that all such representations were false.

That Jaynes, relying on these representations, agreed to

Eames's proposition for a dissolution and for a division of the partnership property on the basis proposed by him ; that an instrument or instruments in writing were thereupon drawn up and signed by them to effectuate the agreement; that the statements and representations of Eames to Jaynes were, however, wholly false and fraudulent, the firm property connected with the Cambridge business and conveyed to Eames amounting in value to about $200,000, as Eames well knew ; and that Jaynes did not find out until June, 1885, that the statements and representations of Eames were false, nor that the Cambridge business conveyed to Eames was valued at said sum of $200,000.

That prior to June, 1885, Eames had also fraudulently, and without the assent of Jaynes, made purchases with firm moneys of a large amount of property, and had given it to various persons, who continued to hold such property, and none of whom had paid any consideration therefor, — namely, of real estate, which he had given to his wife, Elizabeth B. Eames, and to Ella B. Murray, both defendants, and of bonds and shares of stock, which he had given to his wife and Ida L. Nelson, another defendant, respectively ; that on June 17, 1885, Eames died, testate, and his will was duly admitted to probate, on appeal, on March 3, 1886, the defendants Goepper and Solon Bancroft being duly appointed executors on that day, and accepting the trust ; that on April 17, 1886, the plaintiff filed a bill in equity of like tenor with the present bill, which was discontinued as premature within the statute limiting actions against executors and administrators ; and that the plaintiff after the lapse of the time limited by the statute brought the present bill, the defendants other than such executors being the devisees of Eames, or the husbands of some of them, and such donees.

That all the property and estate which Eames had at his death which he undertook to dispose of by will was the property of the partnership, either profits of the business received by him, or property bought by him out of such profits ; that such profits had never been accounted for to Jaynes ; that the plaintiff had notified the executors that he claimed such property as part of his share of the firm property, and had requested them to account with him therefor, and to pay it over to him, or so much thereof as should on an accounting be found to belong to

him; that the executors had refused and continued to refuse to do so, justifying their refusal by the agreement for a dissolution of the partnership obtained from Jaynes by the gross and wilful fraud of Eames; and that all the partnership books and papers were in the possession and control of such executors, who, though repeatedly asked, had refused permission to the plaintiff to examine them.

The prayer of the bill was, in substance, for a cancellation of the agreement of dissolution, for the production of the firm books and papers with permission to examine and copy them, for an accounting and for the payment over of any balance found due to the plaintiff, for the conveyance to the plaintiff of his share of the property purchased by Eames with partnership funds and devised or given away by him during his lifetime without consideration, and for discovery. The defendants severally demurred to the bill, among other things, for want of equity, for multifariousness, and because of laches.

The case was heard by *Devens,* J., who overruled the demurrers, and reserved the case for the consideration of the full court.

*A. E. Pillsbury,* for Elizabeth B. Eames and Ida L. Nelson.

*C. J. McIntire,* for Ella B. Murray.

*S. Bancroft,* for the executors.

*R. R. Bishop & G. Wigglesworth,* for the plaintiff.

C. ALLEN, J.  We are of the opinion that the averments of the plaintiff's bill are sufficient. The criticisms of the defendants are, in substance, that the bill does not sufficiently show that the plaintiff was entitled to one half of the assets of the firm, or that by the settlement as made he did not get one half of the assets, or that he was induced to make the settlement by false and fraudulent representations by Eames. But taking the whole bill together, it sufficiently avers a fraud which, if proved, will entitle the plaintiff to have the settlement of the partnership opened. If the plaintiff was fraudulently induced to make a division of the partnership property, by which he got less than he was entitled to, as alleged, no laches appears from the facts stated in the bill which should defeat his equitable right.

The bill contains full averments that the various defendants other than the executors and devisees of Eames took their gifts

from him without consideration; and that the money used to purchase said gifts, as well as all the property left by Eames, was property belonging to the partnership. The bill is not multifarious. The demurrers were properly overruled.

*Demurrers overruled.*