CHARLES H. LANMAN, JR., executor, *vs.* CHARLES H. LANMAN.

Middlesex. September 6, 1910. — October 19, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Guardian. Infant. Trust. Contract,* Validity. *Probate Court.*

Where, after the termination of the period of guardianship of an infant by his coming of age, the property of the ward remains with his consent in the possession and under the management of the guardian, although the guardianship has ceased as to the person of the ward, the trust is continued as to the property, and the guardian is bound to account for the property in the Probate Court.

Where a mother is the guardian of her son, and upon his coming of age continues with his consent to hold his property in her possession and under her management, and thereafter the guardian and the ward make an agreement with each other that upon a payment by the guardian of a certain sum in cash and the acceptance by the ward of certain services to be rendered by her in the future all her indebtedness as guardian to her son as ward shall be considered as discharged, there is no reason why the agreement in the absence of fraud or deceit should not be held to be valid.

Where a mother was the guardian of her son and after his coming of age continued with his consent to hold his property in her possession and under her management, and a valid agreement was made between them whereby the mother as guardian was discharged from all indebtedness to her son as ward, upon the filing of the final account of such guardian in the Probate Court, the guardian properly can be credited with so much of the items as show a fulfilment of the agreement, but she cannot be allowed to charge the ward with amounts of money, alleged to be due for services rendered by her to the ward, in excess of the amount of the trust property in her hands, because as to those transactions the relations of the parties are those of debtor and creditor, and the Probate Court has no jurisdiction over the collection of such debts.

APPEAL from a decree of the Probate Court for the county of Middlesex made on September 28, 1908, allowing the guardian's account filed by the petitioner as the executor of the estate of Martha E. Lanman.

The appeal was heard by *Hammond*, J. Martha E. Lanman, who was the mother of the respondent, was appointed his guard-

ian in 1872. The respondent became of age in 1878 and the petitioner sought to charge him in item thirteen of the account of Martha E. Lanman, as guardian of the respondent, for seven hundred and twenty-eight weeks' board of the respondent from 1887 to 1903.

The respondent asked the justice to make the following rulings:

First. No sums due or alleged to be due from the ward to the guardian on account of indebtedness growing out of transactions between the parties subsequent to the majority of the ward and not connected with the administration of the ward's estate can be allowed the guardian upon an accounting.

Second. No sums due or alleged to be due from the ward to the guardian on account of indebtedness growing out of transactions between the parties subsequent to the majority of the ward can be allowed the guardian upon an accounting.

The justice, however, ruled that where services were rendered by a guardian to a ward after the majority of the ward under an understanding between the parties that they should be regarded as payments, so far as they went, of the amount due from the guardian, as such, to the ward, the value of such services can be allowed the guardian upon an accounting, to the extent of the amount due from him to the ward. To this ruling the respondent excepted.

The justice made the following decree:

" First. That the decree of the Probate Court, allowing the first account, is affirmed.

" Second. Of the final account, items one, five and fourteen, and so much of items seven and thirteen as is necessary to balance the account, to wit, $582.63, are allowed, leaving in the hands of the accountant nothing due the ward. The rest of Schedule B is disallowed. Case remitted to the Probate Court."

The justice also made a memorandum, as follows:

" The evidence at the hearing on this account was exceedingly unsatisfactory. I am satisfied, however, upon the whole evidence, that the guardian, after the ward became of age, rendered services of the nature shown in items seven and thirteen and therein included ; that these services were rendered under an understanding between the parties that they should be regarded

as payment, so far as they went, of the amount due from the guardian as such, and that as early as April, 1902, there was no balance due the ward. I rule that of the money paid and services rendered after the ward became of age only so much as was paid or rendered upon such understanding should be regarded in this account, and only so much of that as is needed to balance the account.

" I have not passed upon the question whether the ward is indebted for any portion of these items seven and thirteen not charged against him in this decree.

" Items two, three, four, six and eight are disallowed, because of the lack of evidence to sustain them.

" Items nine, ten, eleven and twelve are disallowed, on the ground that the services therein stated were rendered after the ward came of age, and I do not find that there was any agreement at the time that they should be regarded as part payment of the amount due from the guardian to the ward. I have not passed upon the question whether these services were rendered nor whether the ward is answerable therefor to the estate of the guardian. I simply rule that they do not belong to this court."

The respondent alleged exceptions.

The items of Schedule B of the final account allowed in whole or in part by the foregoing decree were as follows:

| | | | |
|---|---|---|---:|
| 1. | 1877 | Cash to Charles H. Lanman, Sr. . . . . | $500.00 |
| 5. | 1878 | 16 weeks' board of Chas. H. Lanman, Sr., and wife @ $8 . . . . . . . . . | 128.00 |
| 7. | 1880 | 52 weeks' board of Chas. H. Lanman, wife and 2 children @ $12 . . . . . . | 624.00 |
| 13. | | 728 weeks' board of Charles H. Lanman, Sr., from 1887 to 1903 . . . . . . | 2,912.00 |
| 14. | | Balance due guardian as per first account | 789.37 |

The case was submitted on briefs.

*J. C. Johnston*, for the respondent.

*W. B. Grant & J. M. Daly*, for the petitioner.

BRALEY, J. By the first account, which was rendered about a year before the respondent became of age, the expenditures were shown to have been largely in excess of the income received,

and it was not until some thirty-one years later, after the death of the guardian, that the petitioner as her executor presented the second and final account of her guardianship. The first account not having been allowed, when the final account came in the entire administration of the estate was opened for revision. *Bennett* v. *Pierce*, 188 Mass. 186. But as the respondent took no exceptions to the order affirming the decree allowing the first account, the balance shown by that account as due the guardian must be deducted from the amount subsequently received from the sale of the ward's real estate. If this is done, there evidently remained a very appreciable sum coming to the respondent when he attained his majority, and for which he then might have demanded a probate accounting. *Brooks* v. *Brooks*, 11 Cush. 18. *Murray* v. *Wood*, 144 Mass. 195. *Green* v. *Gaskill*, 175 Mass. 265, 269, and cases cited. The second account, however, having included a large number of items which accrued subsequently, the respondent now invokes the application of the general rule, that the settlement of accounts between a guardian and his minor ward covers only transactions during minority, and contends that consequently these charges should be disallowed for want of jurisdiction. *Woodbury* v. *Hammond*, 54 Maine, 332. *Pyatt* v. *Pyatt*, 1 Dick. 285. *Leonard's appeal*, 95 Penn. St. 196. *Matter of Allgier*, 65 Cal. 228. It was undoubtedly one of the conditions of the guardian's bond that when her ward became of age she should settle her accounts and pay over or deliver whatever property or effects might remain in her possession or be due upon the settlement. Gen. Sts. c. 109, §§ 6, 16. Pub. Sts. c. 139, §§ 19, 22. R. L. c. 149, § 1, cl. 6. But, the money having remained with the consent of the ward in the guardian's possession and management, she was bound to account for it, and, while as to his person the guardianship had ceased, the trust still continued as to the property. *Moore* v. *Hazelton*, 9 Allen, 102, 104. *Ela* v. *Ela*, 84 Maine, 423. *Pyatt* v. *Pyatt*, 1 Dick. 285. *Douglass* v. *Ferris*, 138 N. Y. 192. If the respondent, being of age, had released the guardian by an instrument under seal, the adjustment would have been valid unless it appeared that he had been overreached or that fraud had been practised upon him. *Wade* v. *Lobdell*, 4 Cush. 510. *Moore* v. *Hazelton*, 9 Allen, 102.

We see no sufficient reason, therefore, why he could not enter into an agreement with his former guardian, that upon payment of a part in cash, and the acceptance of services to be rendered by her in the future, the indebtedness should be considered as discharged.

. If evidently the accountant sought not only to terminate the trust and to relieve the estate of the guardian and the sureties upon her bond from further liability, but also to charge the respondent with an amount largely in excess of the money retained, the relation between the testatrix and the respondent as to the transactions not included in the settlement was that of debtor and creditor which cannot be adjusted by a court of probate. Accordingly the guardian's account can be credited with only such and so much of the items as show a fulfilment of the agreement, and the single justice, upon evidence not reported having been satisfied that this had been done, properly ruled that nothing remained due to the respondent.

*Exceptions overruled.*