JOHN L. FLYNN *vs.* PATRICK J. COLBERT & others.

THOMAS C. FLYNN *vs.* SAME.

MARY J. FLYNN *vs.* SAME.

COLEMAN FLYNN *vs.* SAME.

ELIZABETH A. DONOVAN *vs.* SAME.

Middlesex.     January 13, 1925. — February 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Executor and Administrator. Guardian. Fraud. Release. Equity Juris-diction,* To relieve from fraud, Statute of limitations, Laches.

If one, who is a guardian of a minor and the executor of a will, under the provisions of which the minor has an interest in the decedent's property, induced the beneficiary after he became of age to assent to a settlement of the affairs of the estate and to execute and deliver a release of all demands by making representations as to the assets of the estate which, owing to forgetfulness without intentional fraud on his part, did not include a certain item, the beneficiary may maintain a suit in equity to cancel the settlement and release, although the fiduciary had no intent to deceive, the misrepresentation, however innocently made, being constructively fraudulent.

It is not a prerequisite to the maintenance of a suit of the character above described that the beneficiary should return or offer to return what he had received in the settlement.

The release to which the suit above described related was delivered to the defendant in November, 1914. The plaintiff did not know of the misrepresentation made by the defendant before September, 1920. The suit was brought in December, 1920. *Held,* that there was no bar to the suit either on the ground of the statute of limitations or of laches.

FIVE BILLS IN EQUITY, begun in the Superior Court by writs of summons and attachment dated December 28, 1920, as amended against Patrick J. Colbert, Mary A. FitzGerald, executrix and sole legatee under the will of Annie Walsh, and Fidelity and Deposit Company of Maryland, seeking to have set aside and declared null and void certain releases and agreements of settlement with Annie Walsh and the defendant Colbert as guardians and the defendant Colbert as executor of the will of Elizabeth Flynn, late of Cambridge.

The suits were referred to a master. He found that, up to September 10, 1920, the plaintiffs believed that the defendant Colbert had made full and correct disclosures to them of all material facts relating to the estate. Other material findings by the master are described in the opinion. The suits were heard upon the master's report by *Morton*, J., by whose order there were entered final decrees granting the plaintiffs relief. The defendants Colbert and Fidelity and Deposit Company of Maryland appealed.

*J. M. Maloney*, for the defendants.

*F. A. Crafts,* (*F. J. Roche* with him,) for the plaintiffs.

CROSBY, J. These are five suits in equity in which the plaintiffs seek cancellation of certain releases and of an agreement of settlement, executed and delivered by them to the defendants. The cases were referred to a master who has made the following findings of fact: Elizabeth J. Flynn, a widow, died testate on August 21, 1902, survived by five children, who are the plaintiffs. The defendant Colbert, a brother of the testatrix, on October 14, 1902, was duly appointed guardian of the plaintiffs; and on October 23, 1902, the will of Mrs. Flynn was duly proved and allowed in the Probate Court and the defendant Colbert was appointed executor. Colbert, who will hereafter be referred to as the defendant, qualified as such guardian and as executor by giving a bond in each capacity with the defendant Fidelity and Deposit Company of Maryland as surety, which bonds were duly approved by the court.

By her will the testatrix devised all her property in equal shares to the plaintiffs. In November, 1914, the plaintiffs executed and delivered to the defendant releases and an agreement, all under seal, releasing thereby from liability the defendant individually, as guardian, and as executor, and also releasing the other defendants. In order, as the defendant contended, to procure necessary funds to settle with the heirs, he obtained from all of them except Coleman Flynn, who was a minor, deeds of their respective interests in the real estate devised to them; the interest of the minor, by license of the Probate Court granted to the defendant as guardian, was sold and then conveyed to the defendant

through a third person. After Coleman became of age he executed and delivered to the defendant a confirmatory deed covering his interest in all the real estate above referred to. On November 24, 1914, the defendant filed in the Probate office an inventory as executor and as guardian, but he never filed any account in either capacity. Before the releases in question were executed and delivered to the defendant, the amount of real and personal property was represented by him to the plaintiffs as follows: Real estate, $6,800; personal property, $7,125; deducting certain expenses amounting to $537, left the basic share to each of the five heirs the sum of $2,677.60. "Memoranda" of settlement were made by the plaintiffs with the defendant by which it was agreed that a real estate mortgage should be given to the heirs by the defendant for certain amounts due them respectively; this was fully carried out, and the mortgage, having been paid, was discharged. No part of the sums so paid has ever been repaid to the defendant by any of the heirs.

It was also found that the defendant did not account to the heirs at any time for $441.85 belonging to the estate and deposited by him, as executor, in a trust company, which he had forgotten; nor did he account for $106.25 received by him, as guardian, from himself as administrator *de bonis non* of the estate of one John Colbert. As to these two items the master finds as follows: "I find that the failure of defendant Colbert to include the $447 [$441.85] on deposit in the United States Trust Company was occasioned by his failure to remember said sum at the times of the settlements and was not an intentional act of fraud or concealment upon his part. The evidence leaves me in doubt as to the reason for defendant Colbert's failure to account for the $106.25 above referred to; but I am not of the opinion that this was intentional fraud or concealment upon his part." It is stated in the master's report that no contention was made that the defendant had not fully accounted for the property disclosed by the inventories, at the values therein stated; and also that he made no charge for services as executor or guardian. He employed counsel who acted for him when

the settlements with the plaintiffs were made; and they were told by the defendant that they did not need the services of any other attorney, that his attorney would act for them, which they agreed to, and the attorney's fees were deducted from the share of each of the plaintiffs and paid to him.

The ground on which the plaintiffs seek to have the releases and agreement set aside is that they were induced to execute them by misrepresentation made by the defendant as to the value of the estate, and his failure to disclose material facts relative thereto. No intentional fraud is alleged or relied on by the plaintiffs. They contend that, whether the misrepresentation or nondisclosure of the value of the estate was or was not intentional, or was due to a mistake of fact on the part of the defendant, they are entitled to the relief sought. The frame of the bill not being for an accounting, we need not determine for what amount the defendant is liable to the plaintiffs in addition to the amounts already paid them. The question is, whether upon the facts found the plaintiffs are entitled to have the releases set aside on the ground of either mistake or constructive fraud.

It is found, in effect, that the defendant misrepresented the amount due from him as executor and guardian when he failed to include the two sums $441.85 and $106.25, heretofore referred to. The releases were given by the plaintiffs, who relied on the statements of the defendant; they believed that he had made to them full and correct disclosure of all material facts and they made the settlements on the assumption that the accounts stated by the defendant were accurate; if such failure was due to mutual mistake of the parties, as the master found, such mistake is ground for equitable relief. *Stuart* v. *Sears,* 119 Mass. 143. *Page* v. *Higgins,* 150 Mass. 27. *Motherway* v. *Wall,* 168 Mass. 333. *Corbett* v. *Craven,* 196 Mass. 319. *Long* v. *Athol,* 196 Mass. 497. *Reggio* v. *Warren,* 207 Mass. 525, 538.

The plaintiffs also are entitled to relief on the ground that the misrepresentation of the defendant as to the amounts due to them, however innocently made, was constructively fraudulent.

The relations which exist between an executor and those whom he represents, and between a guardian and ward, are those of trust and confidence; they are fiduciary in character. While occupying those relations toward the plaintiffs, the defendant was required to exercise absolute good faith. *Arnold* v. *Maxwell*, 223 Mass. 47. The settlement made by a guardian with his ward, before as well as after the latter becomes of full age, will be subjected to careful scrutiny and must be fair and reasonable. The releases were given upon the representations by the defendant that he had accounted for all the assets in his hands and that the amounts paid to the plaintiffs disposed of all of the estate. These representations are found to be untrue. But the plaintiffs, acting upon the faith of them, signed the releases. Although there was no intent to deceive, still the fact remains that representations, to the defendant's knowledge untrue, were made. While he did not commit actual fraud yet it was a fraud in law, by which the plaintiffs were misled, and having been deprived of rights they are entitled to the relief sought. *Lobdell* v. *Baker*, 3 Met. 469. *Wade* v. *Lobdell*, 4 Cush. 510. *Lanman* v. *Lanman*, 206 Mass. 488. *Dzuris* v. *Pierce*, 216 Mass. 132. *Tate* v. *Williamson*, L. R. 1 Eq. 528, 536. *Ellis* v. *Soper*, 111 Iowa, 631. The circumstance that the plaintiffs have failed to restore the consideration received from the defendant is no objection to decrees for cancellation of the releases and agreement; the money so paid belongs to them. The law will not require the vain ceremony of returning that which it is the defendant's immediate duty to repay to the plaintiffs. *Reggio* v. *Warren, supra.*

The statute of limitations is not a bar to the maintenance of the bills. The findings show that the plaintiffs acted with diligence as soon as they discovered the falsity of the representation and that the defendant had failed to account for all the estate in his hands.

Laches is not a defence as it does not appear that the plaintiffs had knowledge of the fraud or mistake, or that they had knowledge of facts which would have put them upon inquiry at an earlier date. They seem to have moved within a reasonable time after they learned the facts. *Jaynes*

v. *Goepper,* 147 Mass. 309.   *Manning* v. *Mulrey,* 192 Mass.
547:   *Livingstone* v. *Murphy,* 187 Mass. 315, 318.

In each case the final decree must be affirmed.

*So ordered.*