Connelly et al. vs. Weatherly, Adm'r.

---

CONNELLY ET AL. V. WEATHERLY, ADM'R.

1. PROBATE COURT: *Practice and Pleading in.*
   Where a guardian has died, his wards should present against his estate, several claims for their respective shares of an amount shown by his account in the Probate Court to be due them, and not a joint claim for the whole; but the Probate Court being confined to no course of procedure, may sever the demand and allow to each the sum he is entitled to

2. GUARDIANSHIP: *Sureties on bond—action against. Settlement by his administrator.*
   It is the duty of the administrator of a deceased guardian to make settlement of his guardianship. Until such settlement, no action can be maintained against the sureties on his bond.

3. ——— *Claim against administrator of guardian, when barred.*
   Until the final settlement of a guardianship the statute of limitations never begins to run. But the claim of a ward against a deceased guardian must be presented to his administrator within two years after the grant of administration, or it will be barred, whether there has been a final settlement of the guardianship or not.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Palmer*, for appellant.

*Brown, contra.*

HARRISON, J. :

At the June term, 1873, of the Phillips Circuit Court, then having original jurisdiction of administrations and guardianships, the following claim against the estate of William Weatherly, deceased, was presented for allowance :

"ESTATE OF WILLIAM WEATHERLY, DECEASED,

"To John Connelly and Martha A. Connelly, his wife, Walter Underwood, son and heir of Mary Jane Underwood, deceased, by his next friend, J. C. Davis, and Harvey J. Pasley and Helen M. Pasley, his wife—the said Martha A., Mary Jane and Helen M., born Thompson, and the late wards of said decedent—

DR.

"1872. November.

"To amount shown to be due his said wards by second annual settlement account, filed in Phillips Probate Court, April 28, 1859.................$3,278 17

"Interest on same to Nov. 1, 1872, at 6 per cent, thirteen years and six months.................. 2,556 84

$5,835 01

The claim was authenticated by the affidavit of John R. Connelly.

The administratrix, Martha Weatherly, filed an answer to the claim and denied that anything was due from her intestate's estate to his late wards ; the sum shown in his hands by the settlement referred to in the claim having been, she said, expended afterwards in their maintenance and education ; and

as a further defense she pleaded the statute of limitations of three years, and also of five years.

The claimants demurred to the paragraphs of the answer setting up the statute of limitations, and the demurrer was sustained as to the plea of three years, and overruled as to that of five years.

The case, when the present Constitution was adopted, was remitted to the Probate Court, and John R. Connelly having died, it was abated as to him.

It appears from the record that William Weatherly, the decedent, was, on the 28th day of October, 1854, appointed by the Probate Court of Phillips county, guardian of Martha A., Mary Jane and Helen M. Thompson—the said claimants, Martha Connelly and Helen M. Pasley, and the said Mary Jane Underwood, and he executed to each, as required by the statute, a separate bond, and that at the April term, 1859, he filed his second annual account, which, instead of a separate account with each, was a consolidated account with all; and in it he charged himself with the sum of $3,278.71 in his hands as belonging to them in common; and that the account was, at the July term following, confirmed. This was the last account he ever filed.

The record also shows that the administratrix, upon the hearing of the claim in the Probate Court, produced evidence that her intestate, after the settlement in 1859, maintained and supported, for several years, each of the said wards, and of the cost or value of their maintenance and support, and claimed, in behalf of the estate, credit therefor. The court thereupon found as upon final settlement of the several guardianships then made with her, that the estate was entitled to a credit in the guardianship of Martha A. Connelly of $660; in that of Mary Jane Underwood of $840; and in that of Helen M. Pasley of $800; and after deducting these several credits from the

share of each in the sum admitted in the settlement of 1859, in his hands, allowed as several claims against the estate, Martha A. Connelly $432.73, Walter Underwood $250.72, and Harvey M. Pasley and Helen M. Pasley, $292.92, which it ordered paid as claims of the fourth class.

The administratrix appealed to the Circuit Court.

The claimants in the Circuit Court again demurred to the administratrix's plea of the statute of limitations, and the same ruling on the demurrer was made as in the Probate Court.

The cause was submitted to the court. It stated as the conclusions of fact found, that the defendant's intestate was, by separate appointments and the execution to each of separate bonds, the guardian of the wards mentioned in the claim ; and that they presented for allowance a joint demand for the aggregate amount of their several demands against his estate for money he severally owed them as their guardian. And as a conclusion of law, that several parties cannot recover jointly upon a several demand, and found for and rendered judgment in favor of the estate.

The claimants moved for a new trial, because the finding of the court was contrary to law and evidence.

The motion was overruled and they appealed to this court.

It was certainly very irregular, and the Probate Court should not have permitted Weatherly, instead of filing an account with each of his wards, and charging himself with their several shares of the money in his hands, to file a consolidated one with all, and to charge himself with the money of all as belonging to them in common.

But we cannot see how such an irregularity could affect the rights of his wards.

Though the claimants should have presented several claims for their respective shares, and not a joint one for the whole, the Probate Court, being confined to no prescribed course of

procedure, could adopt any method it deemed appropriate for arriving at the merits and justice of the case, and as it very properly did, sever the demand and allow each the sum the evidence showed she was entitled to. The statute says :

"The court shall hear and determine all demands presented for allowance under this act, in a summary manner, without the forms of pleading." *Gantt's Digest*, Sec. 115.

No possible prejudice that we can see was, or could have been done the estate, by the course pursued, and there is no apparent reason that the claim should have been dismissed, and they required to begin anew by exhibiting their several demands, which amounted in the aggregate to the sums jointly claimed.

But it is insisted by counsel for appellee, that until final settlements of the guardianships, it could not appear that the intestate was indebted to his wards, or that they had claims against his estate.

It was the appellee's duty to make settlements with the Probate Court of the unsettled guardianships.

Until such settlement was made there could be no action upon his bond against his sureties ; but it does not follow that they might not, as creditors, exhibit their claims against the estate. Whether the settlement was made or not, they were compelled to exhibit their claims within two years after the grant of administration, or be barred by the statute of non-claim. A right of action against the sureties, after the settlement, would have remained ; but they may have been insolvent, and that the only available remedy against the estate.

The Probate Court did, however, allow the administratrix to prove the credits her intestate was entitled to in the accounts between himself and his wards, and proceeded to adjust the same and ascertain the balance due each.

Why this might not be done, when considering their claims,

though there had been no regular settlement of the guardianships, is not easily perceived.

The claims to the extent allowed by the Probate Court, were, it seems to us, fully established by the evidence ; and the finding of the Circuit Court was clearly against the evidence. Yet we do not deem it necessary to state the evidence as to the merits or justice of the claims, as it was not, as appears by the court's conclusions of fact, considered relevant, or passed upon by it.

No final settlement of the guardianship having been made in the life time of Weatherly, the statute of limitations never commenced running. We, therefore, need not consider the demurrer overruled by the court.

The judgment is reversed and the cause remanded to the court below for further proceedings, and not inconsistent with this opinion.