[No. 9,423.   Department One. — May 10, 1884.]

## IN THE MATTER OF THE GUARDIANSHIP OF AUGUSTA ALLGIER ET AL.

JURISDICTION OF SUPERIOR COURT — PROBATE JURISDICTION SEPARATE AND DISTINCT. — The probate jurisdiction of the Superior Court is separate and distinct from its jurisdiction in ordinary civil actions.

ID. — SETTLEMENT OF FINAL ACCOUNT OF GUARDIAN. — The final account of a guardian is properly addressed to the court that has jurisdiction of the estate of the ward when presented by the guardian; but where the guardian dies before making a settlement, and long after his ward's majority, his executors have no authority to present his account to a court of probate, nor has such court jurisdiction over the matter. The settlement of the account can only be had in a court of equity by a proceeding against the executors and other necessary parties.

ID. — DUTY OF GUARDIAN — EXPIRATION OF OFFICE. — When a ward attains the age of majority the office of guardian comes to an end, and it is *then* the duty of the guardian to exhibit a final account of his guardianship to a court of probate, make a settlement, and deliver all the property in his hands to the ward.

ID. — The settlement in probate of the final account of a guardian can only include transactions during the minority of the ward.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

Appeal by the executors. The facts are stated in the opinion of the court.

*Cowdery & McCutchen,* and *I. S. Belcher,* for Appellants.

*A. Heynemann,* and *Tully R. Wise,* for Respondents.

MCKEE, J. — In November, 1867, Henry Brickwedel was appointed by the Probate Court of Sutter County guardian of the persons and estate of Delia and Augusta Allgier, then the infant heirs at law of Nicholas Allgier, deceased. The appointee qualified, took charge and control of his wards and of their estate, and continued in office until the day of his death. He died in the month of April, 1883, without having made a final settlement with the court of his guardianship.

After his death his executors presented to the Superior Court of Sutter County a report in writing of the condition of the estate, accompanied by a final account which the court settled and allowed. The account was addressed to the probate jurisdiction of the Superior Court — a jurisdiction which is separate and distinct from the jurisdiction of the court in ordinary civil actions.

A final account presented by a guardian is properly addressed to the Probate Court that has jurisdiction of the estate of· the ward. But in this instance the account was not presented by the guardian, for he had died before its presentation, and at the time of its presentation he was not in office. Besides, the office had terminated long before his death, for one of his wards attained the age of majority in November, 1870, and the other in August, 1876.

When a ward attains the age of majority the office of guardian comes to an end, and it is *then* the duty of the guardian, and one of the obligations of his bond, to exhibit a final account of his guardianship to the Probate Court, make a settlement with the probate judge, or with the ward, and deliver all the property in his hands belonging to the ward. (§ 1754, Code Civ. Proc.) Failure to do this constitutes a breach of his bond for which he and his sureties are liable after settlement of the guardianship.

Settlement of the final account of a guardian only includes transactions during the minority of the ward; it does not include transactions occurring after the ward has attained his majority. When that event happens the ward is *sui juris;* and the legal liability which attaches to him, for any services rendered to him by his guardian, arises not out of the relation of former guardian and ward, but out of the contractual relation established by the transactions between them as contracting parties. Such a liability is not enforcible within the jurisdiction of a Probate Court; the remedy upon it lies, not in a probate proceeding, but in an action at law.

Of the charges in the account presented by the executors of the deceased guardian against the appellants, as his former wards, for transactions between him and them after they had attained their majority, the court had no jurisdiction. Nor had it jurisdiction of the account itself, for after the death of the guardian, without settlement of his guardianship in the Probate Court, his executors had no authority to present his final account to the Probate Court for settlement, for charges made by him against the wards either during or after their non-age; and the court had no authority to receive or in any way to act upon it.

Presentation of such an account is no part of the duties involved in the administration of the estate of the testator; for although the property, which was under the control of their testator as guardian, may have come into the hands of the executors, yet the guardianship was a personal trust which did not pass to them on the death of the testator, and the property held by him as guardian did not become assets in their hands to be administered; they merely hold it for its preservation until the persons whose estate it is, and for whose benefit it is held, can obtain a settlement of the trust, terminated by the death of the trustee, in the proper forum, where the rights of all parties to the trust may be definitely determined. This settlement can only be had in a court of equity, by a proceeding against the executors of the deceased guardian and other necessary parties. (*Lathrop* v. *Bampton*, 31 Cal. 17; *Chaquette* v. *Orlet*, 60 Cal. 600; *Theller* v. *Such*, 57 Cal. 447; *Peck* v. *Braman*, 2 Blackf. 141) But the executors had no authority to institute such a proceeding for settlement in the Probate Court; and the Probate Court had no authority to exercise jurisdiction over it. (*Wetzler* v. *Fitch*, 52 Cal. 639; *Bush* v. *Lindsey*, 44 Cal. 121.)

Judgment and order reversed and cause remanded.

ROSS, J., and McKINSTRY, J., concurred.