## NETTIE I. TUDHOPE v. LEWIS POTTS.

*Guardian and ward—Bond—Liability of surety—Accounting.*

1. In the absence of an accounting before the proper tribunal, a suit cannot be maintained against a surety on a deceased guardian's bond by the ward, after attaining her majority, save in exceptional cases.

2. There is no doubt of the authority of the probate court, under How. Stat. § 6760, to cite the administrator of a deceased guardian to appear and render an accounting of the guardianship.

3. In this case it is held that a proceeding in equity would be an eminently proper one in which to settle the rights of the parties, and that this action is prematurely brought.

Error to St. Clair. (Canfield, J.) Argued April 21, 1892. Decided May 6, 1892.

Debt. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*William M. Cline*, for appellant.

*J. W. Avery (A. E. Chadwick*, of counsel), for defendant.

McGRATH, J. The sole question here is whether suit can be maintained against a surety upon a deceased guardian's bond by the ward, after attaining her majority, in the absence of an accounting.

On the death of plaintiff's father, her mother, Frances E. Potts, was in May, 1870, appointed as her guardian, filing her bond with her father,. the defendant, as surety. The guardian received $775 from the estate of the father of her ward on account of the infant; but she filed no inventory, and made no report to the probate court, but died on November 17, 1886. In June, 1889, plaintiff became of age. Administration was then had upon the guardian's estate. Plaintiff proved a claim amounting to $1,460.28 before commissioners on claims, which was the only claim presented; and the administrator paid to her the sum of $543, which exhausted the estate. This suit is brought to recover the balance. The court took the case from the jury, directing a verdict for defendant, and plaintiff appeals.

Plaintiff was less than two years old when her mother was appointed her guardian, and it must be presumed that she remained under the care of her mother until her mother's death, some sixteen years and a half after the appointment as guardian. The claim allowed by the commissioners makes no provision for the care of the minor during this period, but charges the guardian's estate with interest from the date of the receipt of the money.

It is well settled that, save in exceptional instances, a surety upon a guardian's bond cannot be held liable until there has been an accounting before the proper

tribunal, nor can an accounting be had before commissioners on claims so as to bind the surety, or in a suit upon the guardian's bond.

It was held in *Gott v. Culp*, 45 Mich. 265, that—

"A guardian's accounting is an equitable, and not a legal, proceeding. It involves, not merely the ordinary items of debit and credit, but also considerations as to the propriety of charges and investments, and as to the allowance of compensation, with which a jury cannot meddle. The statute does not in such cases contemplate a general trial or general verdict."

In *Chubb v. Bradley*, 58 Mich. 268, the same doctrine was re-asserted.

In *Welch v. Van Auken*, 76 Mich. 464, it was held that the administrator of the ward's estate had a right to sue upon the guardian's bond; the amount owing the estate having been fully adjusted and determined in the probate court.

In *Grady v. Hughes*, 80 Mich. 184, it was held that the liability of the sureties upon an administrator's bond did not arise until after the default of their principal was fixed.

The facts in *Schlee v. Darrow's Estate*, 65 Mich. 362, make that an exceptional case. The guardian, having been cited to appear in the probate court and render an account, failed and refused so to do, and was discharged. The trial court found that no support, education, or maintenance had been provided by the guardian for his wards, and no part or portion of the estate was expended by him on their behalf or for their benefit, but that the whole of the estate was appropriated by the guardian to his own use. The record of the probate court showed the items which made up the account, and expressly stated that those items were received by the guardian for the estate of the infants. After the guardian's refusal to avail himself of the power which the court had to allow

him such compensation as he was entitled to, if any, and his discharge, his relations to his wards differed in no respect from those of any other creditor.

The guardian here was not guilty of such default. It was held in *Gott v. Culp* that the failure to account was not necessarily a cause of forfeiture. The guardian's death did not deprive her of the right to compensation, to credit for the care and support of her ward, or to a right to have her account adjusted by the proper court.

The authorities regarding the power of the probate court to cite an administrator of a deceased guardian to an accounting are in conflict. *Royston v. Royston,* 29 Ga. 82; *Connelly v. Weatherly,* 33 Ark. 658; *Gregg v. Gregg,* 15 N. H. 190; *Kittredge v. Betton,* 14 Id. 401; *State v. Grace,* 26 Mo. 87; *In re Allgier,* 65 Cal. 228 (3 Pac. Rep. 849); *Salisbury v. Van Hoesen,* 3 Hill, 77; *Farnsworth v. Oliphant,* 19 Barb. 30. The question is largely dependent upon the construction to be given to the local statute conferring power upon _probate courts. How. Stat. § 6760, provides:

"The judge of probate shall have jurisdiction of all matters relating to the settlement of the estates of such deceased persons, and of such minors and others under guardianship: *Provided,* however, that the jurisdiction hereby conferred shall not be construed to deprive the circuit court in chancery, in the proper county, of concurrent jurisdiction, as originally exercised over the same matters."

This statute is broad and general in its terms; so much so that the Legislature deemed it necessary to add the proviso saving the concurrent jurisdiction of circuit courts. Under this statute, there is no doubt of the authority of the probate court to bring in the administrator.

In any event, the plaintiff had the unquestioned right to file her petition in the circuit court in chancery, ask-

ing for an accounting. In the present case the guardian died in 1886, and the ward did not attain her majority until 1889, at which time no administration had been had upon her mother's estate. It does not appear whether or not the plaintiff had derived her support therefrom; but, if she had, it would be grossly inequitable to compel the defendant, as surety for the guardian, to account for moneys actually enjoyed by the ward.

A proceeding in equity would be an eminently proper one to settle the rights of the parties to this controversy. This action is therefore prematurely brought, and the judgment must be sustained, with costs to defendant.

LONG, GRANT, and MONTGOMERY, JJ., concurred. MORSE, C. J., did not sit.