[Sac. No. 975. Department One.—February 28, 1902.]

JOSEPHINE ZURFLUH, Respondent, v. S. B. SMITH, Administrator, etc., et al., Defendants; JOHN J. WINGARD, and CHARLES PETERSON, Appellants.

Accounting against Deceased Guardian—Pleading—Non-payment.— In an action in equity for an accounting against the administrator of a deceased guardian, and the sureties on his bond, a complaint alleging that there came into the possession and control of the deceased guardian a specified sum, which, at the time of his death he held and retained, and mingled the same with his own funds, and appropriated it to his own use, and that he refused and neglected to account for the same to plaintiff, at the time of his death, states a cause of action, and need not aver non-payment, in the absence of a special demurrer.

Id.—Separate Suit Unnecessary to Determine Liability—Equity Jurisdiction—Parties.—Where all the parties in interest were be-

fore the court, it was not necessary that there should be a separate suit in equity to settle and determine the liability of the deceased guardian, but equity has jurisdiction to determine the whole controversy in a single suit, and both to settle and state the account against the estate of the deceased guardian, and to render judgment for the amount found due therefrom against his sureties.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion.

W. A. Gett, for Appellant.

Albert M. Johnson, and Eugene S. Wachhorst, for Respondent.

COOPER, C.—On the 16th of January, 1894, the plaintiff (whose name was then Josephine Gerig) was a minor, and Jacob Gebert, deceased, was appointed guardian of her estate. There was at said time in the hands of said guardian $662.83, the property of plaintiff, and he executed his official bond as such guardian, with appellants as sureties. In May, 1899, Gebert died, without having filed any account, and having made no settlement with his ward. The defendant Smith was appointed administrator of the estate of Gebert, deceased.

This action was brought to have the accounts of the deceased guardian settled, and to recover judgment against appellants for the amount found due plaintiff upon such accounting.

The court filed findings, and judgment was entered for plaintiff against appellants for $780.74, the amount found to be due her from her deceased guardian. This appeal is from the judgment and an order denying a new trial. It is claimed,—1. That the complaint does not state facts sufficient to constitute a cause of action; 2. That the judgment does not state the account as against the administrator; 3. That plaintiff should first have filled a bill in equity against the administrator alone, and have had the balance of the account settled by decree, before bringing suit against the sureties; and 4. That a money judgment cannot be entered in an equitable proceeding. These objections will be discussed in the order presented in the opening brief of appellants. The objection

to the complaint is, that it contains no allegation that the sum' has not been paid. This objection goes to the point that the complaint does not allege that the administrator of the deceased guardian has not paid the amount due plaintiff. We do not think such allegation was necessary in this proceeding. The complaint is, in substance, one for an accounting by the defendant administrator, and for judgment against appellants for the amount that may be found due plaintiff by her deceased guardian. It contains appropriate allegations as to the appointment of the guardian, the execution of the bond, with appellants as sureties, and that there came into the possession and control of the guardian the sum of $662.83. That, at the time of the death of the guardian, he held and retained said sum, "and he did not pay the same to this plaintiff, nor did he use any part of the same for her benefit," but mingled the same with his own funds and appropriated it to his own use, and had refused and neglected to account for the same to plaintiff up to the time of his death. Judgment is then prayed for an accounting between plaintiff and defendant Smith as administrator, and that the estate of Gebert be charged with the amount found due plaintiff, and that she recover judgment against the appellants for such amount, and for general relief.

This was sufficient without the allegation that the defendant Smith had not paid the same. The guardian having died without accounting, and the action being for the purpose of having the account settled and charged against the estate, it was sufficient to state that it had never been settled, and no account had been rendered at the time of the death of the guardian. Particularly is this so in the absence of a special demurrer. The demurrer was, "that the complaint does not state facts sufficient to constitute a cause of action" against appellants. It sets forth the bond in full. One of the conditions was, that the guardian should faithfully execute the duties of his trust according to law. The fact that he died without having accounted to plaintiff, and that he appropriated the money to his own use, constituted a breach of the bond, and was the gist of the action as against appellants.

As to the second objection, the judgment does state the account as against the administrator. It is expressly stated in the conclusions of law that the guardian at the time of his

death "was indebted to plaintiff in the sum of $662.83, with legal interest from the first day of July, 1898, and that his estate is now indebted to plaintiff in the principal sum aforesaid, with legal interest to this date," and in the judgment "he and his estate are hereby charged with the sum of $780.74, being the amount in his hands, as such guardian, on the twelfth day of January, 1894, as found by the decree settling his account, which decree was made by this court on that day, with legal interest thereon to this date."

The third contention is correct, as a rule of law, as to the proposition that the account must be settled before a judgment can be rendered against the sureties on the bond. The liability of the surety depends upon the liability of the principal, and in case of a deceased guardian or administrator, where there is an administrator of such deceased, the account must be settled and allowed as a basis for the liability of the surety. The *status* of the account must be fixed and determined. Where a trustee dies without having rendered an account, the settlement of the account is a prerequisite to recovering against the sureties. But this action was not brought to recover without having the account settled. It was brought to have the account settled, in a court of equity, and then for a judgment against the sureties for the sum that might be found due the plaintiff upon such settlement.

Appellants contend that, as a prerequisite, a suit should first have been brought in a court of equity to settle and determine the account. That then, after such account was determined, the plaintiff could have maintained a suit upon the bond in a court of law. This logic would lead to the result that the sureties could have been reached by two suits, but cannot be by one. We think the one suit is all that was necessary. The court could, and did, determine the *status* of the account, and then did adjudge that appellants, who signed the bond, were liable. It matters not that part of the relief was equitable and part of it legal, nor under which head it may be placed. The result of the one suit is the same as the result of two would have been. All parties were before the court,—the ward, the administrator of the deceased guardian, and the sureties upon his bond. No piecemeal litigation was required. The court, having jurisdiction of the subject-matter, and of all the interested parties, did then and there de-

termine the whole matter. This was the proper practice. (*Slater* v. *McAvoy*, 123 Cal. 439.) That was an action against the sureties on the bond of a deceased administrator, upon whose estate, if he had any, no administrator had been appointed. An accounting was sought, and also a judgment for the amount found due. This court said: "Defendants, as above shown, being proper parties to a suit in equity, for a settlement of Shaw's account with the estate of Evoy, of course it cannot be necessary that the account be settled in some other forum or in some other action before proceeding against them." (See cases cited in *Slater* v. *McAvoy*, 123 Cal. 439; also, Code Civ. Proc., sec. 383.) Appellants cite the late case of *Reither* v. *Murdock et al.*, *ante*, p. 197. In that case the account had never been legally settled, and it was sought to charge the sureties, when neither they nor their principal had had their day in court, in the settlement of the same. Upon a petition for a rehearing, which was denied, this court said: "There can be no doubt that in this action, under proper pleadings, the responsibility of the sureties may be determined and fixed." It follows, from what has been said, that the fourth objection is untenable. The account was stated and settled against the estate of Gebert. The bond was joint and several, and signed by Gebert and by appellants. In such case plaintiff had the right to a judgment against all of them or a part only. The appellants can pursue their remedy against the estate of Gebert. If the estate is solvent, the amount can be recovered back. But, be that as it may, the appellants are liable for the amount of the moneys due plaintiff by Gebert, deceased. The evidence offered by appellants showed that the amount in Gebert's hands, as guardian, was not paid to plaintiff, except items amounting to $107.05, which the court appears to have allowed as interest up to July 1, 1898.

We find no error that would justify a reversal and advise that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.