## TITLE GUARANTY & SURETY CO., OF SCRANTON, PA., v. BURTON.

No. 8439—Opinion Filed Feb. 12, 1918.

(170 Pac. 1170.)

(Syllabus.)

1. **Guardian and Ward—Ward's Action for Accounting—Parties Defendant.**

Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, his former wards may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian for such accounting and settlement.

2. **Same—Accounting—Jurisdiction.**

Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, such settlement and accounting can only be had in a court possessing the power and jurisdiction of a court of equity by proceeding against the executors and other necessary parties.

3. **Limitation of Actions—Disabilities.**

Where a statute of limitations excepts persons laboring under disabilities from its operation, without mentioning infants specifically, infants are within the saving clause of the statute, and the statute does not run against them during such disability, even where such infant has a guardian who might maintain the action in his or her name, provided the title or right of action is in the infant.

4. **Ward's Action for Accounting — Sufficiency of Evidence.**

Record examined, and held that the judgment rendered is supported by sufficient evidence for the full amount thereof.

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by Gladys Burton, a minor, by Maud F. Burton, her guardian and next friend, against the Title Guaranty & Surety Company of Scranton, Pa. Judgment for plaintiff, and defendant brings error. Affirmed.

Edward C. Griesel and Poe, Hindman & Lundy, for plaintiff in error.

D. B. Crewson and E. G. Wilson, for defendant in error.

KANE, J. This was an action upon a guardian's bond, commenced by the defendant in error, by her guardian and next friend, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appear in the trial court.

The bond sued upon was given by S. Burton, a former guardian of the plaintiff, since deceased, and was to indemnify her against any loss occasioned by the failure of said guardian to well and faithfully account for and turn over for the use of said minor ward all moneys, rents, profits, or other thing of value which he might receive from the leasing of a certain tract of land belonging to the ward for oil and gas purposes. The petition alleged that S. Burton, deceased, had received as bonus and royalty money accruing from said oil and gas lease the sum of $1,785.97, and died without accounting for any part of said sum to said minor or her estate. By way of defense the defendant pleaded, first, that after the death of the former guardian, his wife, Maud F. Burton, the mother and present guardian of

Gladys Burton, filed a sworn report in the county court of Tulsa county, the county wherein the guardianship was then pending, setting forth the condition of the estate of said minor at the time of the death of S. Burton; that said report shows that after accounting for the receipts and expenditures made by S. Burton as guardian there was due said ward from said guardian the sum of $249, which sum Mrs. Burton asserted she was ready and willing to assume and pay at such time and in such manner as may be required by the probate court; that this report and the approval thereof by the county court constitute a valid final settlement of the account of said S. Burton as guardian by a court of competent jurisdiction, which order of approval, being unappealed from, became final and absolute, and therefore a bar to the present action. Upon trial to the court there was judgment for plaintiff, to reverse which this proceeding in error was commenced.

The principal grounds for reversal relied upon by counsel for defendant may be briefly stated as follows: (1) Inasmuch as the petition failed to state facts sufficient to show any final settlement of the account of S. Burton, as guardian, by a court of competent jurisdiction, it did not state a cause of action against the defendant; (2) the evidence adduced at the trial conclusively showing that the account of S. Burton as guardian had been satisfactorily settled subsequent to his death by a valid judgment of the county court, such judgment constitutes a bar to this action against the sureties upon his official bond; (3) the action was barred by section 6582, Rev. Laws 1910, which provides:

"No action can be maintained against the sureties on any bond given by a guardian, unless it be commenced within three years from the discharge or removal of the guardian; but if at the time of such discharge the person entitled to bring such action is under any legal disability to sue, the action may be commenced at any time within three years after such disability is removed."

The first proposition was decided adversely to the contention of the defendant in Donnell et al. v. Dansby et al., 58 Okla. 165, 159 Pac. 317, wherein it was held:

"Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, his former wards may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian for such accounting and settlement."

On the next proposition we are unable to agree with counsel for defendant that the settlement of the account of S. Burton, as guardian, made by his wife after his death, in the circumstances detailed in his answer and the approval thereof by the county court constitutes a bar to this action. It is true that it is held in a number of states that an action at law cannot be brought on a guardian's bond against the sureties until the principal has been first called to account in some court of competent jurisdiction, and this, although he be dead, in which case it is the function of his personal representative, to account. Connelly v. Weatherly, 33 Ark. 658; Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659; Tudhope v. Potts, 91 Mich. 490, 51 N. W. 1110.

But in the states which hold as we do, that where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, his ward may maintain an action in the district court against the sureties on his official bond, it is uniformly held that such settlement and accounting can be had only in a court possessing the powers and jurisdiction of a court of equity, by a proceeding against the executors and other necessary parties. The authority of the executor or personal representative of the deceased guardian to make such settlement is denied upon the ground that the presentation of such account is no part of the duties involved in the administration of the estate of the deceased guardian, for although the property which was under his control as guardian may have come into the hands of his executor, yet the guardianship was a personal trust which did not pass to him on the death of the guardian, and the property held by him as guardian did not become assets in his hands to be administered; he merely holds it for its preservation until the persons whose estate it is, and for whose benefit it is held, can obtain a settlement of the trust, terminated by the death of the guardian, in the proper forum, where the rights of all parties to the trust may be definitely determined. Donnell et al. v. Dansby et al., supra; Mitchell v. Kelly, 82 Kan. 1, 107 Pac. 782, 136 Am. St. Rep. 97. In the matter of the Guardianship of Allgier et al., 65 Cal. 228, 3 Pac. 849; Reither, Adm'r, etc., v. Murdock et al., 135 Cal. 197, 67 Pac. 784; Zurfluh v. Smith, Adm'r, et al., 135 Cal. 644, 67 Pac. 1089. If the executor or personal representative of a deceased guardian is not authorized to settle his guardianship account in the county court, it would seem to follow that such action on the part of his wife, who was neither executor nor administrator

of the deceased, nor guardian of the property of the ward, would be wholly futile.

On the remaining proposition we are of the opinion that the cause of action stated falls within the protection of the restraining part of the statute invoked by defendant, and therefore was not barred by lapse of time, although commenced three years after the death of the former guardian. In the instant case we have no doubt that the infant plaintiff is the person "entitled to bring such action," within the meaning of the restraining clause of the statute. Notwithstanding the minority of the plaintiff, it is her action, and the mere fact that the statute (section 4686, Rev. Laws Okla. 1910) requires such action to be brought by her guardian or next friend does not make her any the less the real party in interest. The guardian is merely managing agent for his ward; nobody is interested in his conduct except the ward, and his duty is primarily to account to his ward, rather than to the court. The very situation which the bond herein was given to meet is presented by the record before us. The guardian converted the money of his ward to his own use and died, leaving no estate from which his ward might be reimbursed. By the very terms of the bond, his sureties must pay and the enforcement of their liability ought not be fettered by rules except those of substance. Mitchell v. Kelley, supra. The applicable general principle is stated in 25 Cyc. 1260, as follows:

"In many jurisdictions, by express statutory enactment, or by judicial construction, where the statute excepts persons laboring under disabilities from its operation, without mentioning infants specifically, infants are within the saving clause of the statute, and the statute does not run against them during such disability, even where such infant has a guardian who might maintain the action in his or her name, provided the title or right of action is in the infant."

There is some contention to the effect that the evidence adduced at the trial is not sufficient to support the judgment for the full amount for which it was entered. On this point it is sufficient to say that we have examined the record with considerable care, and are satisfied it is supported by sufficient evidence.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.