## HINTON v. TROUT.

No. 8460—Opinion Filed Feb. 26, 1918.

Rehearing Denied May 7, 1918.

(172 Pac. 450.)

(Syllabus.)

**Limitation of Actions—Disability — Infants.**

Where a statute of limitations excepts persons laboring under disabilities from its operation, without mentioning infants specifically, infants are within the saving clause of the statute, and the statute does not run against them during such disability, even where such infant has a guardian who might maintain the action in his or her name, provided the title or right of action is in the infant.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Catherine Trout against George W. Hinton. Judgment for plaintiff, and defendant brings error. Affirmed.

H. A. Ledbetter and F. M. Adams, for plaintiff in error.

Guy Green and Bridges & Vertrees, for defendant in error.

KANE, J. This was an action upon a promissory note, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. The petition alleged in substance that John W. Jones, J. J. Berry, and G. W. Hinton executed their certain promissory note on the 12th day of April, 1902, payable to Mrs. M. A. Stillwell, who at that time was the guardian of the plaintiff, Catherine Trout; that the money loaned upon said promissory note belonged to the estate of the plaintiff, Catherine Trout, who at that time was a minor; that said Mrs. M. A. Stillwell as guardian of said plaintiff failed and neglected to file suit to recover the amount due said estate upon said note; that said plaintiff became of full age within a year prior to the commencement of this action, and she now wishes to prosecute the same in her own name.

G. W. Hinton was the only one of the makers of the note who was served with summons in said action, and he filed an answer to the effect that the alleged cause of action of the plaintiff did not accrue at any time within the five years next preceding or before the commencement of said action, and therefore it was barred by the governing statute of limitations, to wit, section 4483, Mansf. Dig. Ark., which, it is agreed, was in force in the Indian Territory at the time the alleged cause of action accrued. The reply of the plaintiff was a general denial. Upon trial to the court there were findings of fact and conclusions of law in favor of the plaintiff upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Among the findings of fact by the trial court is the following:

"The court further finds that shortly after the maturity of the note, defendant, G. W. Hinton, and the guardian, M. A. Stillwell, entered into an agreement without consideration and in fraud of the rights of said minor, this plaintiff, that she, the said guardian, would not look to him for any part of said note, and in fact said guardian has never made any effort to collect said note from any of the signers thereto, and has wholly failed from the maturity of said note to the commencement of this action to take any action whatever to protect the rights of said minor."

The only ground for reversal relied upon by counsel for plaintiff in error in their brief is to the effect that the alleged cause of action of the defendant in error was barred by the statute of limitations, as contained in section 4483, Mansf. Dig. Ark., which provides:

"Actions on promissory notes, and other instruments in writing not under seal, shall

be commenced within five years after the cause of action shall accrue, and not afterward."

Whilst it is conceded by all parties that the Arkansas statute above quoted is controlling, the saving clause of the statute is not set out in the briefs on file. But from the arguments of counsel for both parties, we take it that it is similar to the saving clause of the statute of limitations as now in force in this state. Assuming this to be true, we find that this court has recently passed upon the precise question now presented for consideration. Title Guaranty & Surety Co. v. Burton, Minor, etc., 67 Okla. —, 170 Pac. 1170. In that case it was held:

"Where a statute of limitations excepts persons laboring under disabilities from its operation, without mentioning infants specifically, infants are within the saving clause of the statute, and the statute does not run against them during such disability, even where such infant has a guardian who might maintain the action in his or her name, provided the title or right of action is in the infant."

As this case seems to be decisive of the question presented for review, upon the authority thereof the judgment of the court below must be affirmed.

All the Justices concur.