## SOUTHERN SURETY CO. v. HATCH.

No. 10094—Opinion Filed March 15, 1921.

(Syllabus.)

**1. Guardian and Ward—Accounting After Death of Guardian—Jurisdiction.**

Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, such settlement and accounting can only be had in a court possessing the power and jurisdiction of a court of equity by proceeding against the executors and other necessary parties.

**2. Same—Courts—Parties.**

Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, his former wards may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian for such accounting and settlement.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Annie Campbell Hatch against the Southern Surety Company and others on guardian's bond. Judgment for plaintiff, and the defendant named brings error. Reversed and remanded.

C. G. Moore, for plaintiff in error.

Marion Henderson, for defendant in error.

McNEILL, J. Annie Campbell Hatch commenced this action to recover on certain guardian bonds executed by John M. Morgan, the former guardian of Anna Campbell, as principal, and the Southern Surety Company et al. as sureties. The petition alleged the appointment of John M. Morgan as guardian, and the execution of the bonds for the faithful discharge of his duties as guardian, and the approval of the bonds by the county court of Garvin county, and that said guardian took charge of the estate and had control thereof and died in 1910. The petition alleged a breach of the bond, and facts, that if true, would render the guardian, likewise his sureties, liable to the ward. It is unnecessary to consider these facts at this time.

The plaintiff pleaded that the county court of Garvin county, on the 3rd day of July, 1916, made an order settling the final account of John M. Morgan, the guardian, and found the amount due the ward to be $1,950; a copy of said order or decree being attached to the petition.

The defendant surety company answered by way of general denial, and denied that there was any liability, and denied that any notice had been given by the county court of the settlement of the final account, or of making its order on July 3, 1916, and denied that the county court had jurisdiction to make such order, and pleaded, as a further defense, the statute of limitations. To this answer the plaintiff replied by way of general denial. The plaintiff moved the court for judgment upon the pleadings against the surety company in the sum of $1,950, which motion was sustained by the court. From said judgment, the plaintiff in error has appealed.

The only question presented is whether the court erred in sustaining the motion for judgment upon the pleadings. The order or decree of the county court disclosed upon its face that the guardian died in 1910, and the order of the county court settling his final account did not occur until July 3, 1916. Under this state of facts, did the county court have jurisdiction to settle the final account of the guardian after his death? This court, in the case of Title Guaranty & Surety Co. v. Burton, 67 Oklahoma, 170 Pac. 1170, stated as follows:

"Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, such settlement and accounting can only be had in a court possessing the power and jurisdiciton of a court of equity by

proceeding against the executors and other necessary parties."

The Supreme Court of California, In re Allgier et al., 65 Cal. 228, 3 Pac. 849, in passing upon the identical question in the case at bar, stated as follows:

"The executors of the estate of a deceased guardian have no authority to present an account of the testator, as such guardian, to the probate court, nor to institute proceedings for the settlement of such account in said court; nor has the probate court any authority to exercise jurisdiction over such a proceeding. A settlement of this nature can only be obtained in a court of equity, by a proceeding against the executors of the deceased guardian and other necessary parties."

This identical question is also discussed in the case of Mitchell v. Kelly, 82 Kan. 1, 107 Pac. 782, 136 Am. St. Rep. 97; Reither, Adm'r, etc., v. Murdock et al., 135 Cal. 197, 67 Pac. 784; Zurfluh v. Smith, Adm'r, 135 Cal. 644, 67 Pac. 1089.

This being true, the county court had no jurisdiction to enter its order or decree five years after the death of the guardian, and it was error for the trial court to render judgment upon the pleadings.

The defendant in error, however, relies upon the case of Southwestern Surety Ins. Co. v. Richard, 62 Okla. 122, 162 Pac. 468; but this case and other cases holding to the same effect are not in point, as in those cases the guardian had made his report and was not dead and either defended or had a right to defend the action in the county court. The petition in this case states a cause of action against the surety company for an accounting and settlement on the guardian bond, according to the decisions of this court in the cases of Title Guaranty & Surety Co. v. Burton, 67 Oklahoma, 170 Pac. 1170, and Donnell v. Dansby, 58 Okla. 165, 159 Pac. 317, as follows:

"Where a guardian dies without an accounting and settlement of his affairs as guardian having been made in the county court, his former wards may maintain an action in the superior or district court against his personal representatives and the sureties on his bond as guardian for such accounting and settlement."

The case is therefore reversed, and the cause remanded, with instructions to the trial court to set aside said judgment and proceed to try the case upon the issues raised by the pleadings.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.