## CAPPS, Gd'n, et al. v. KELLEY.

No. 26442.   May 12, 1936.

H. B. Parris, for plaintiffs in error.

F. A. Greene, for defendant in error.

BUSBY, J. This action was commenced in the justice court of McIntosh county by Mrs. E. A. Kelley, a garage owner, as plaintiff, against Jackson Lewis, an incompetent, and J. R. Capps, his guardian, as defendants. The plaintiff sought to recover the reasonable value of certain automobile repairs furnished to the incompetent ward on the theory that such repairs were necessaries and were furnished at the request of the ward after refusal or neglect on the part of the guardian to provide the same.

The plaintiff recovered in the justice court, and, upon appeal from that court, was again successful upon trial de novo in the district court. The amount of recovery was $102.97. The defendants present the case to this court on appeal, appearing herein as plaintiffs in error. We

shall continue to refer to the parties by their trial court designation.

As we understand the briefs, it is admitted that a third person may recover the reasonable value of necessaries furnished to an incompetent ward at such ward's request after neglect or refusal on the part of the guardian to furnish the same. The question of whether automobile repairs can properly be classified as necessaries is not presented in this appeal and will, therefore, not be discussed. We are assuming, for the purpose of this case, the correctness of the decision of the trial court that such repairs were properly so classified in this case.

Defendants challenge the sufficiency of the evidence to support the view that the guardian refused or neglected to furnish the items for which recovery is sought in this action. They also urge that the justice court was an improper tribunal in which to present this claim. It is asserted that the county court of McIntosh county, in which the guardianship proceedings were then pending, had exclusive jurisdiction to hear and determine the controversy. Under our view of this case, the last-mentioned contention is the only one that need be considered.

The county courts of this state possess general probate jurisdiction (section 16, art. 7, Okla. Const.) and section 13 of art. 7 of our Constitution vests in such courts jurisdiction over the estates of incompetent persons. Section 1455, O. S. 1931, provides in part, that:

"Whenever any third person, at his request supplies a ward with such suitable and necessary maintenance, support or education, and it is shown to have been done after refusal or neglect of the guardian to supply the same, the court may direct the guardian to pay therefor out of the estate, and enforce such payment by due process."

Under the foregoing constitutional and statutory provisions, we have held that the presentation to the county court having jurisdiction of an incompetent's estate of a claim for necessaries furnished is a proper method of procedure and constitutes an available remedy. Cotner v. Lon Jacobs Gro. Co., 84 Okla. 1, 202 P. 997. In the case of In re May's Guardianship (also styled Brenner v. May), 158 Okla. 267, 13 P. (2d) 589, we held that where a creditor was seeking to enforce a number of contractual obligations against the estate of an incompetent, some of which obligations were contracted by the incompetent before he was adjudged to be such, others of which were attempted to be assumed by the incompetent in person after the adjudication of incompetency, and still others of which were signed by a deceased guardian of the incompetent, it was decided that the legal machinery available in the county court was not adequate to meet the situation and that exclusive jurisdiction was vested in the district court where the creditor should seek an accounting. Neither of the above cases, both of which are mentioned in the briefs now before us, are precisely in point. The first because it does not determine that the remedy available in the county court is exclusive and the second because of the numerous transactions involved which were therein said to require the creditor to seek an accounting in a court of equitable jurisdiction.

The question of whether the jurisdiction of the county court to pass upon a claim for necessaries furnished a ward by a third person during the period of his incompetency is exclusive or merely concurrent with the jurisdiction of other courts, seems not to have been definitely settled in the previous decisions of this court. It is a question upon which conflicting views have been adopted by the courts of last resort in other jurisdictions.

In the case of Spence v. Miner, Sheriff, (Neb.) 131 N. W. 1044, the Supreme Court of Nebraska had the precise question before it under constitutional and statutory provisions substantially corresponding to our own in all essential features. It was decided by that court that the county court having jurisdiction of the administration of the estate of the incompetent ward was vested with exclusive jurisdiction to consider and determine the claim for necessaries furnished by third persons. It was reasoned by that court that the exclusive jurisdiction was vested by reason of the court having acquired jurisdiction of the subject-matter of the estate, and that, in order to avoid confusion in the administration of such estates, which would necessarily arise if other and different courts could consider and pass upon such claims, it was essential to recognize the exclusive nature of the jurisdiction thus conferred by statute. It was said, quoting from a Pennsylvania decision (Johnstone v. Fritz, 159 Pa. 378, 28 Atl. 148), that:

"Those who deal with either guardian or minor must deal subject to the approval or disapproval of this one tribunal, else there will be an end of intelligent administration

and a beginning of the evils resulting from conflict of jurisdiction."

It is to be noted in connection with this Nebraska case that the judgment therein complained of was rendered in a justice court, and that the guardian of the minor therein involved was not notified of the proceeding. In this latter respect the case differs from the case at bar because in the case at bar the guardian was made a party to the proceeding and notified thereof. But the force of the Nebraska case as a precedent is not destroyed by that distinction. The failure in that case to notify the guardian of the pending proceeding was held to authorize a court of equity to take jurisdiction to prevent the enforcement of the judgment. This because the guardian was not notified. It was said that if the guardian had been notified—

"The fact of guardianship and the exclusive jurisdiction of the county court to adjust such claims would have been a complete defense if brought to the attention of the justice."

In this case the fact of guardianship and the alleged exclusive nature of the jurisdiction of the county court was brought to the attention of the trial court, but it was held not to be a complete defense.

We recognize that there are cases holding contrary to the doctrine announced by the Nebraska court in the case, supra, but we believe the reasoning of that court is sound and that the ends of justice and the orderly administration of estates of incompetent persons will best be accomplished by following the view expressed by the Nebraska court and holding that the exclusive jurisdiction to allow this character of claim is by virtue of the statute of this state and in conformity with constitutional provisions vested in the county courts. Thus when a third person seeks to enforce a claim for alleged necessaries furnished to a minor ward at his request on the theory that the guardian has neglected or refused to make proper provision for such necessaries, the exclusive jurisdiction for consideration of such claim is vested in the county court of this state having jurisdiction over the estate of the incompetent.

The judgment of the trial court, being contrary to the views herein announced, is reversed, with directions to dismiss the action without prejudice to a reconsideration of the controversy in the proper tribunal.

RILEY, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and WELCH, J., dissent. BAYLESS, J., absent.