**CROSSLEY et al. v. COX, Gdn.**

No. 27066. Jan. 26, 1937.

Erwin & Erwin, for plaintiffs in error.

Cox & Cox, for defendant in error.

PER CURIAM. This action was commenced in the district court of Lincoln county by Lee Crossley et al., as plaintiffs, against M. A. Cox, guardian of the estate of Albert B. Sensley, an incompetent, as defendant. The plaintiffs sought to recover the reasonable value of merchandise, consisting of groceries and drugs furnished to the incompetent ward, Albert B. Sensley, on the theory that such merchandise was necessaries and was furnished at the request of the ward after refusal or neglect on the part of the guardian to provide the same. The district court sustained the defendant's demurrer to the evidence of the plaintiffs. The plaintiffs present the case to this court on appeal, appearing herein as plaintiffs in error. We shall continue to refer to the parties by their trial court designation.

Defendant includes with his answer brief a motion to dismiss on the theory that the district court did not have jurisdiction. It is asserted that the county court of Oklahoma county, in which the guardianship proceedings were then pending, had exclusive jurisdiction to hear and determine the controversy.

The question involved here on the motion to dismiss was decided by this court in the case of Capps v. Kelley, 177 Okla. 78, 57 P. (2d) 824.

Defendant objected to the jurisdiction of the court at all stages of the proceedings, and since there was no jurisdiction in the

district court to determine the cause, the appeal should be dismissed and the cause should be remanded to the district court, with directions to dismiss the action for want of jurisdiction and without prejudice to a reconsideration of the controversy in the proper tribunal.

The Supreme Court acknowledges the aid of Attorneys Paul E. Taliaferro, John B. Meserve, and Harry Campbell in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Taliaferro and approved by Mr. Meserve and Mr. Campbell, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

BAYLESS, V. C. J., and BUSBY, PHELPS, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., and WELCH, J., dissent. RILEY, J., absent.