## COX, Gd'n, v. CROSSLEY et al.

No. 28080.    Dec. 20, 1938.

Rehearing Denied Jan. 24, 1939.

Courtland M. Feuquay and M. A. Cox, for plaintiff in error.

Erwin & Erwin, for defendants in error.

WELCH, J. The estate of Sensley, an incompetent, was being managed by guardianship in the county court of Oklahoma county. The defendants in error, merchants, sold and furnished groceries, clothing, and other merchandise to the ward for use of the ward and his dependents, a wife and seven children. They filed claim against the estate for the unpaid balance of $575.54 in the county court. That court by citation directed the guardian to appear and defend against the claim. He appeared and answered by general denial, and also alleged that he had fully provided for the ward and his dependents· by paying the ward each month an allowance theretofore fixed by the court.

Upon trial the county court found in favor of the claimants and ordered payment of the claim. That court found that the items of groceries and merchandise were furnished the ward, and that they were actual necessaries; that the court had theretofore indicated a monthly allowance to be paid the ward by the guardian; that the allowance had been so paid and had been used by the ward and his wife to pay for necessaries of maintenance, and that in addition thereto the supplies furnished and sold the ward by claimants were necessaries used by the ward and his dependents.

In the concluding paragraph of that court's order and judgment appears the following finding and order:

"That the claim should be allowed, not only as a proper claim for necessaries furnished the ward and his family, but also as an additional allowance necessary for the support and maintenance of the ward and his family."

The guardian, pursuant to section 1397, O. S. 1931, 58 Okla. St. Ann. sec. 721, appealed to the district court, and upon trial that court affirmed the county court's findings and judgment. From that judgment the guardian prosecutes this appeal.

The first assignment of error urges that the guardian's demurrer to the claim and petition for citation should have been sustained. Upon this point we are undoubtedly bound by the decision concerning the same subject matter and parties in Crossley v. Cox, 179 Okla. 52, 64 P.2d 663. There these same claimants had sued the guardian in district court on this same claim, and on appeal this court held there was no jurisdiction in the district court to determine the cause. That appeal was dismissed upon the rule that:

"The county court, having jurisdiction of the estate of a person adjudged to have been incompetent, is vested with exclusive jurisdiction to pass upon a claim of a third person for alleged necessaries asserted to have been furnished to an incompetent person while under guardianship at the request of such incompetent person when the guardian had failed or refused to make provision for such necessaries."

When thereafter the claim was presented to the county court, it was the duty of that court to pass upon it. There is no statutory procedure outlined for the handling of such a proceeding. The former opinion of this court required the county court to hear and determine the matter. We therein announced no rules of procedure, and it is our duty to approve the procedure adopted and followed, since it was wholly fair to all parties, granted ample time and opportunity to be heard, and resulted in full and complete hearing and trial. We therefore hold that when a party desires to present a claim against a ward it is proper procedure to file his claim in the proper county court with an application for citation on the guardian to appear and defend the claim, and when, upon appearance of the guardian and upon proper trial, the county court allows and orders payment of such claim, the guardian may appeal to the district court by virtue of section 1397, O. S. 1931, 58 Okla. St. Ann. sec. 721.

The remaining assignments deal with the evidence and conclusions of fact and law. The guardian urges that the findings and judgment are not supported by the evidence and are contrary to law. The guardian urges, in effect, that since the guardian did not refuse to furnish these items to the ward or fail to make provision for the support of ward and his family, the claim should not be allowed. However, this claim was allowed as for supplies necessary in addition to the monthly allowance paid the ward, or as an additional necessary allowance. In such matters the county court must be allowed a wide discretion, likewise as to the district court on appeal. Here the purchase of some necessaries in addition to the monthly allowance might have been allowed in advance, or granted by the county court as an additional allowance. Such action would not have

merited reversal unless in abuse of discretion. Or after the additional supplies were purchased, whether by the ward, as here, or by the guardian, the county court or the district court on appeal would be authorized to approve the same. See Pruitt v. Pilgreen, 178 Okla. 608, 64 P.2d 263. In that case this court said:

"A formal prior order filed in the case authorizing an expenditure is not necessary if the expenditure be such that the county court or the district court on appeal, after hearing the facts relating thereto, approves the same."

In view of the duty and the power of county courts in appointing guardians and managing the affairs of wards through guardianship, we think it a sound rule that when the county court approves a claim for necessaries furnished the ward, and thereafter on appeal the district court affirms, then this court will not reverse unless a clear case of abuse of discretion is shown, and unless the action of the trial court is against the clear weight of the evidence.

It might be better to handle such matters by advance approval of all purchases for a ward, or by an advance allowance to cover all such expenditures. But it has never seemed necessary that this be the universal and inflexible rule, and it is not probable that every such item could be properly handled by an advance approval. In many cases, as in this one, where an advance monthly allowance is made, it may become wholly proper that additional purchases of necessities be approved. It seems clear that such approval may come after the purchase as well as before, if justified by the circumstances involved. Here the additional items were necessaries, actually needed and used by the ward. The evidence justifies and supports the detailed findings in favor of claimants above stated, and the county court's action fully merited affirmance in the district court, and that court's action merits affirmance here.

However, the district court's judgment was erroneous in form. That court purported to render a judgment against the guardian, and failed to direct that the proceedings be remitted to the county court. The judgment should have been entered affirming the county court's approval of the claim, and directing that it be paid by the guardian, and ordering that the proceedings be remitted to the county court for enforcement. Section 1416, O. S. 1931, 58 Okla. St. Ann. sec. 739.

The judgment of the district court is modified as to form only, and affirmed. The cause is remanded for further action consistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, HURST, and DANNER, JJ., concur. DAVISON, J., absent.