Matter of the ESTATE of Janie CHUBBEE, now Arkansas, Full-Blood Mississippi Choctaw Indian, Roll No. 533, an Incompetent.

No. 37841.

Supreme Court of Oklahoma.

June 17, 1958.

Horace D. Payne, U. S. Trial Atty., Durant, Billie W. Crain, Field Solicitor, Department of Interior of the U. S., Muskogee, John Poindexter, Ardmore, for plaintiffs in error.

J. B. Champion, Jr., Ardmore, for defendant in error.

PER CURIAM.

On March 1, 1956, the Area Director of the Bureau of Indian Affairs filed a petition for the appointment of a guardian for Janie Chubbee, now Arkansas, full-blood Mississippi Choctaw, in the County Court of Carter County, Oklahoma. The petition was set for hearing and proper notice was given. On the date set, March 12, 1956, a hearing was held and the court appointed a guardian for the person and estate of Janie Chubbee, now Arkansas. Thereafter, on April 5, 1956, an application was filed, purportedly on behalf of the ward, "to set aside the guardianship." This application was set for hearing on May 3, 1956, but was subsequently continued until December 28, 1956, when the hearing was held and the demurrer of the guardian and of the Area Director to the application was sustained and the application was denied. An appeal by the applicant to the District Court was attempted to be perfected. In the District Court the Trial Attorney for the Bureau of Indian Affairs moved to dismiss for the reason that the applicant had failed to properly perfect the appeal. After argument on the motion, the court made the following order:

"It is therefore ordered, adjudged and decreed that the motion to dismiss this appeal be and the same is hereby sustained and said cause is hereby remanded to the County Court of Carter County, Oklahoma, and which Court is hereby ordered to re-try said cause within 30 days after this cause is remanded to said Court."

The Government and the guardian appeal by transcript of the record from that part of the court's order remanding the case to the County Court with directions to "retry said cause." The applicant did not perfect a cross-appeal.

The court's order appears to be contradictory. The motion to dismiss was based upon a failure to properly perfect an appeal from the County Court, and an order dismissing the appeal for this reason would be tantamount to a conclusion that the District Court failed to acquire jurisdiction to hear an appeal. If without jurisdiction, the order of remand for retrial is clearly erroneous. We are not favored with a discussion in the briefs of the merits of that motion, and defendant in error has cited no authority to sustain the order of the District Court.

■ Furthermore, the District Court, as an appellate court in proceeding of this nature, has no authority to order retrial. On an appeal from the County Court, the District Court hears the action de novo and may only dismiss the appeal or reverse, affirm or modify the order appealed from. Its judgment on appeal must determine the questions appealed except when the appeal is properly dismissed. Oklahoma Constitution, Art. 7, § 16; In re Shailer's Estate, Okl., 266 P.2d 613; Cox v. Crossley, 184 Okl. 217, 86 P.2d 619; Smith v. Bruner's Guardianship, 111 Okl. 93, 238 P. 448. The order directing a retrial was unauthorized. The initial order of dismissal was in effect an affirmance of the order from which the appeal was taken. Sec. 737, 58 O.S.1951.

■ Judgment ordering retrial is reversed; otherwise, the judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court, and thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the Court.